IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-1338-BNB-KMT

REBECCA HUTTON,

Plaintiff,

v.

CHARLES P. WOODALL, IV,

Defendant.

**ORDER**

This matter arises on the defendant's **Motion to Dismiss** [Doc. # 4, filed 6/7/2013], which is DENIED.

I.

Rule 12(b)(6), Fed. R. Civ. P., provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." My inquiry on such a motion is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Halk, LLC v. Schneider, 493 F. 3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009)(quoting Twombly, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 555, 557).

Furthermore, conclusory allegations are "not entitled to the assumption of truth." Id. at 679.

II.

The following facts are alleged in the plaintiff's Complaint [Doc. # 1]:

The plaintiff boarded horses on property owned or managed by the defendant. Id. at ¶4. The property included a "break room" "set aside for the use of the boarders." Id. at ¶5. Beginning "[s]ometime prior to March 21, 2013," the defendant "surreptitiously bugged or taped conversations of the plaintiff with other boarders" in the break room. Id. at ¶¶6-7. The plaintiff "had a reasonable expectation of privacy in the break room area." Id. at ¶8. Finally, the "[d]efendant published, used or communicated the intercepted conversations of the [p]laintiff." Id. at ¶9. The plaintiff alleges that this conduct "was in direct violation of applicable law, as set forth in 18 U.S.C. § 2510, et seq." Id. at ¶10.

The defendant moves to dismiss, arguing concisely but without any supporting authority (other than the statute itself):

> Clearly, the statute upon which this case was pleaded covers oral communications which affect interstate commerce by use of wire, cable, radio, or mail, or which occur on premises of a business affecting interstate commerce.
>
> Since the statute clearly does not apply to the taping of a conversation in a horse barn in Monument, [Colorado], there is no need to consult the legislative history to ascertain whether or not Congress might have intended to write a law with a scope so broad.

Motion to Dismiss [Doc. # 4] at ¶¶5-6.

III.

The plain language of 18 U.S.C. § 2511(1) provides that "any person who--(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or

2

endeavor to intercept, any wire, oral, or electronic communication . . .shall be subject to suit. . . ."[1]  Section 2520, 18 U.S.C., creates a private right of action for violation of the statute:

> [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

As the plaintiff argues, the statute does not require that the oral conversation at issue occur in a place affecting interstate commerce.[2]  Rather, an oral communication as used in the statute is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation."  18 U.S.C. § 2510(2).  Intercept, as used in the statute, means "the aural or other acquisition of the contents of any . . . oral communication through the use of any electronic, mechanical, or other device."  Id. at § 2510(4).

In addition, cases on analogous facts have proceeded to trial.  See, e.g., Kinsey v. Case, 162 F.3d 1173 *1 (10th Cir. 1998)(Unpublished)(affirming order denying defendant's motion for summary judgment a claim under 18 U.S.C. §§ 2510-2520 where the defendant "recorded eighteen cassette tapes of phone conversations, including sixty-six calls between plaintiffs and various third parties" without consent in order to collect proof that the plaintiffs were making

---

[1] It is not unlawful for a person to intercept a communication where the person "is a party to the communication or where one of the parties to the communication has given prior consent to such interception," unless the interception is for purposes of committing a crime or tort.  18 U.S.C. § 2511(d).

[2] The defendant has not challenged that constitutionality of the statute.  See Fed. R. Civ. P. 5.1 setting forth requirements when a party draws into question the constitutionality of a federal statute.

plans to "orchestrate" the defendant's termination as a high school teacher); and Leslie v. Fielden, 2011 WL 4005939 *1 (N.D. Okla. Sept. 8, 2011)(denying motion to dismiss claim under 18 U.S.C. §§ 2510-2520 where the complaint alleged that the defendant "set up a recording device in the living room of the parties' marital residence, intercepted and recorded at least 29 hours totaling more than 6 tapes of [the plaintiff's and her children's] life along with interaction with other parties, (including, but not limited to, one side of various telephone conversations)").

The plaintiff has sufficiently alleged a violation of 18 U.S.C. § 2510, et seq., to withstand a motion to dismiss.

The Motion to Dismiss [Doc. # 4] is DENIED.

DATED September 17, 2013.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge