IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-1338-BNB-KMT

REBECCA HUTTON,

Plaintiff,

v.

CHARLES P. WOODALL, IV,

Defendant.

_____

# ORDER
_____

This matter arises on **Plaintiff's Motion for Summary Judgment** [Doc. #29, filed 04/01/2014] (the "Motion"). The Motion is DENIED, and judgment shall enter in favor of the defendant.

## I. BACKGROUND

The Omnibus Crime Control and Safe Streets Act of 1968 is divided into five titles. Rebecca Hutton brings her claim under Title III which regulates wiretapping and electronic surveillance.

In the Complaint [Doc. # 1], Ms. Hutton alleges that the defendant, Charles Woodall, "surreptitiously bugged or taped" conversations involving the plaintiff and others in violation of "18 U.S.C. § 2510, *et seq*." Complaint [Doc. # 1] at ¶¶7, 10. Section 2520, 18 U.S.C., provides a private right of action for violations of the act. The Complaint fails to disclose the specific provision which the plaintiff asserts was violated, however. The Motion [Doc. # 29] provides some guidance, but refers only to 18 U.S.C. § 2511 in general, without specifying a subsection.

Section 2511, 18 U.S.C., provides at subsection (1):

> (1) Except as otherwise specifically provided in this chapter any person who--
>
> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
>
> (b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when--
>
> (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
>
> (ii) such device transmits communications by radio, or interferes with the transmission of such communication; or
>
> (iii) such person knows, or has reason to know, that such device or any component thereof has been sent through the mail or transported in interstate or foreign commerce; or
>
> (iv) such use or endeavor to use (A) takes place on a premises of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or (B) obtains or is for the purpose of obtaining information relating to the operations of any business or other commercial establishment the operations of which affect interstate commerce; or
>
> (v) such person acts in the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States;
>
> (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire , oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
>
> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception

> of a wire, oral, or electronic communication in violation of this subsection; or
>
> (e) (i) intentionally discloses, or endeavors to disclose, to any other person the contents of a wire, oral, or electronic communication, intercepted by means authorized by sections 2511(2)(a)(ii), 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518 of this chapter, (ii) knowing or having reason to know that the information was obtained through the interception of such a communication in connection with a criminal investigation, (iii) having obtained or received the information in connection with a criminal investigation, and (iv) with intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation,
>
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

In the Reply in support of her motion for summary judgment, the plaintiff explains that "[t]he Court . . . is justified in concluding that the Defendant did intentionally intercept an oral communication {18 U.S.C.A. § 2511(1)(a)} and in violation of 18 U.S.C.A. § 2511(1)(c) disclosed the contents of the oral communication knowing that the information was obtained through the interception of an oral communication in violation of this Section." Reply [Doc. # 34] at pp. 1-2.

The defendant admits that he recorded the plaintiff's oral communications on a digital recorder without her knowledge or consent. Deposition of Charles P. Woodall, IV [Doc. # 29-3] (the "Woodall depo.") at p. 21 line 23 through p. 24 line; p. 49 lines 6-17. It is undisputed that the plaintiff disclosed the contents of the recorded communications to others. Affidavit of Rebecca Hutton [Doc. # 30] at ¶7. Based on these undisputed facts, the plaintiff argues that she is entitled to summary judgment.[1]

---

[1]The defendant further concedes these facts in his Response [Doc. # 33], admitting that he "bought a voice-activated recording device and placed it in a potted plant in an office in the

3

In opposition, the defendant argues that 18 U.S.C. § 2511(1)(a) and (b) are unconstitutional because "the recorded oral communications did not: (a) take place on the premises of any business or other commercial establishment, the operations of which affect interstate or foreign commerce; nor (b) did not obtain, nor were for the purpose of obtaining, information relating to the operations of any business or other commercial establishment, the operations of which affect interstate or foreign commerce." Response [Doc. # 33] at p. 17. In addition, the defendant argues that "[s]ection 2511(1)(b) is unconstitutional as applied to the facts of this case in that there was no substantial effect on foreign commerce." Id.

## I. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party

---

barn used by his clients as a lounge area. On two occasions, conversations were recorded, unbeknownst to the Plaintiff, and portions of these conversations were played on one occasion for employees to hear." Id. at p. 2.

may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  UNDISPUTED MATERIAL FACTS

1. The defendant is a veterinarian licensed to practice in the State of Colorado. He has a specialty in equine medicine, and his practice is exclusively the provision of medical care for horses. He is not licensed in any other state.

2. The defendant is the sole owner of Aspen Ridge Equine Hospital, PC ("Aspen Ridge"), located at 1480 Higby Road, Monument, Colorado.

3. At the time of the events in question, Aspen Ridge owned property consisting of 35 acres. The improvements consisted of an 18,867 square foot building within which is a hospital designed and built for horses; barn; arena; residence; office; and a break room that was used by Aspen Ridge's employees, boarders (owners of horses being stabled on the premises), trainers, guests, and others.

4. The business of Aspen Ridge is a veterinary practice exclusively for the treatment and

care of horses.  Collateral to the veterinary practice is the boarding of horses for several clients of Aspen Ridge.  The plaintiff was one such client.

5.   Starting in about 2008, the downturn in the economy was reflected in the cash flow of Aspen Ridge's operations.  This, in turn, led to defaults on the loans secured by the property. After his attempts to refinance or restructure the secured debt were unsuccessful, Dr. Woodall found an investor to buy the outstanding loans so that the business of Aspen Ridge could be preserved until the economy rebounded.  The investor brought a foreclosure action in order to consolidate the debt.

6.   On March 6, 2013, the El Paso County Public Trustee held a foreclosure auction for the property.  The defendant attended the sale at which time he was surprised to discover that the plaintiff had submitted the winning bid.  He subsequently concluded that the plaintiff intended to evict Aspen Ridge from the property.

7.   The defendant wanted to learn who, if anyone else, was collaborating with the plaintiff in the purchase of the property and suspected eviction. He bought a sound activated voice recorder and placed it in a potted plant in the break room.

8.   On March 13 and 16, 2013, discussions were recorded in the break room between Ms. Hutton and others.  Dr. Woodall transferred the recorded discussions from the recorder directly onto his laptop computer.

9.   Ms. Hutton had an expectation of privacy in the break room and would not have discussed the matters which were discussed--family matters, medical matters, and private financial matters-- in public or in a situation where third parties would have been able to listen.

10.   On or about March 21, 2013, the defendant called a meeting of the Aspen Ridge

employees during which he played several segments of the recorded discussions.

  11. None of the recordings was made or transmitted over any telephone or cable line. None of the recordings was transmitted by means of any radio equipment, the mails, or through the use of any channel or instrumentality of interstate commerce.

  12. Aspen Ridge is a purely local business. In that regard:

    (a) It has only one location, which is at 1480 Higby Road, Monument, Colorado;

    (b) It has only local business. All of its clients, from the time it started business to the present, are from the area around Monument, Colorado. No client has been from out of the state. No out of state horses have been treated at the hospital;

    (c) All of its employees are from the Monument, Colorado area. None of its employees, while employed, have ever resided out of state;

    (d) Aspen Ridge does not advertise, except for one instance in 2006 when it posted an advertisement on the internet for a veterinarian;

    (e) Although some employees are originally from other states, Aspen Ridge did not recruit them from out of state;

    (f) Virtually all of the supplies for Aspen Ridge are purchased within the state; and

    (g) All of the service providers utilized by Aspen Ridge are local, with the exception that some laboratory work (not more than 10%) that is sent out of state.

### III. ANALYSIS

#### A. The Plaintiff Does Not Assert a Claim Under 18 U.S.C. § 2511(1)(b)

Although the defendant challenges the constitutionality of section 2511(1)(b), the plaintiff has not expressly alleged a violation of that subsection, and she does not address the defendant's arguments regarding subsection (1)(b).[2] Therefore, I find that the Complaint does not assert a claim under 18 U.S.C. § 2511(1)(b). To the extent the Complaint may be read to contain a claim under subsection (1)(b), however, the plaintiff has abandoned it. See Poole v. Southwestern Bell Telephone L.P., 86 Fed.Appx. 372, 374 (10th Cir. 2003) (deeming claims abandoned in the district court because the plaintiff did not oppose defendant's argument to dismiss them in response to motion to dismiss).

#### B. 18 U.S.C. § 2511(1)(a) Is Not Unconstitutional On Its Face

The defendant argues that 18 U.S.C. § 2511(1)(a) is unconstitutional on its face. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." U.S. v. Salerno, 481 U.S. 739, 745 (1987). The defendant has not addressed this standard. Therefore, his facial challenge must fail. Moreover, circumstances exist under which the prohibition against the unlawful interception of oral communications contained in section 2511(1)(a) may be constitutionally applied. As noted in the Senate Report which recommended passage of the bill, "the broad prohibitions of subparagraph (a) could, for example, be

---

[2]To the contrary, the plaintiff disavows any such claim, relying in her Reply [Doc. # 34] on the surreptitious interception of oral communications, in violation of section 2511(1)(a), which were intentionally disclosed to others, in violation of section 2511(1)(c). Id. at pp. 1-2. There is no mention of section 2511(1)(b).

constitutionally applied to the unlawful interception of oral communications by persons acting under color of State or Federal law . . . ." S.Rep. 90-1097, at 62 (1968), reprinted in 1968 U.S.Code Cong. & Ad.News 2112, 2180 (referring to the Fourteenth Amendment's grant of privacy).

### C. 18 U.S.C. § 2511(1)(a) Is Unconstitutional As Applied

The plaintiff is entitled to summary judgment only if there is no material fact dispute and she is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). I find that the plaintiff is not entitled to judgment as a matter of law, however, because section 2511(1)(a) is unconstitutional as the plaintiff attempts to apply it.

The broad prohibition in section 2511(1)(a) could be constitutionally applied to a state or federal official's unlawful interception of oral communications. See Part III.B., supra. The legislative history demonstrates, however, that the constitutionality of its application in other circumstances was questioned by the Committee on the Judiciary:[3]

> The broad prohibition of subparagraph (a) is also applicable to the interception of oral communications. The interception of such communications, however, does not necessarily interfere with the interstate or foreign communications network, and the extent of the constitutional power of Congress to prohibit such interception is less clear than in the case of interception of wire communications. The Supreme Court has indicated that Congress has broad power to protect certain rights under the Equal Protection Clause of the 14th amendment against private interference. (United States v. Guest, 86 S.Ct. 1170, 383 U.S. 745 (1966) (concurring and

---

[3] On June 17, 2014, I issued a Certificate of Question of Constitutionality pursuant to 28 U.S.C. § 2403(a) and Fed.R.Civ.P. 5.1(b) to the Attorney General of the United States. I identified the question as a challenge to the constitutionality of 18 U.S.C. § 2511(a) on its face and as applied. The United States had an opportunity to intervene for the presentation of evidence on both a facial and an as-applied challenge to section 2511(a), but declined to do so.

> dissenting opinions).) The right here at stake-- the right of privacy--is a right arising under certain provisions of the Bill of Rights and the due process clause of the 14th amendment. Although the broad prohibitions of subparagraph (a) could, for example, be constitutionally applied to the unlawful interception of oral communications by persons acting under color of State or Federal law, see Katzenbach v. Morgan, 86 S.Ct. 1717, 384 U.S. 641 (1966), the application of the paragraph to other circumstances could in some cases lead to a constitutional challenge that can be avoided by a clear statutory specification of an alternative constitutional basis for the prohibition.
>
> Therefore, in addition to the broad prohibitions of subparagraph (a), the committee has included subparagraph (b), which relies on accepted jurisdictional bases under the commerce clause and other provisions of the Constitution to prohibit the interception of oral communications.

S.Rep. 90-1097, at 62 (1968), reprinted in 1968 U.S.Code Cong. & Ad.News 2112, 2180.[4]

The federal government exercises limited and enumerated powers. As the court stated in United States v. Hubbard, 474 F. Supp. 64, 73 (D. D.C. 1979):

> The Constitution has explicit protections against excessive concentration of power in the federal government. Power is allocated among the federal government and the states by specifying those powers the Congress might exercise and by

---

[4]The plaintiff does not rely on Congress' Commerce power as a basis of authority supporting the enactment of section 2511(1)(a), and any such reliance has been found to be unsupported. Specifically, in United States v. Perkins, 383 F. Supp. 922, 925 (N.D. Ohio 1974), the court ruled:

> In support of the statute, the Government cites the power of Congress to regulate Interstate Commerce. This is not a tenable position in view of the legislative history . . . and plain language of the statute. In enacting 18 U.S.C. § 2511(1)(b)(iii) and (iv), Congress clearly relied upon the Interstate Commerce Clause since these sections require, as an element of the offense, proof that there was contact with interstate commerce. In 18 U.S.C. § 2511(1)(a), there is no requirement of involvement in interstate commerce, and therefore, the power to enact such a law must lie elsewhere.

> emphasizing in the [T]enth [A]mendment that undelegated powers
> were reserved to the states or respectively to the people.
> Accordingly, Congress has authority to act only with respect to the
> powers specified in the Constitution.

The court in <u>United States v. Burroughs</u>, 564 F.2d 1111 (4th Cir. 1977) (overruled on other grounds by <u>United States v. Steed</u>, 674 F.2d 284 (4th Cir. 1982)), considered the constitutionality of section 2511(1)(a), and noted:

> Undeniably, subsections (1)(b)(i)-(iv) are based upon the power of
> Congress to regulate interstate commerce and require a specific
> showing of an effect upon interstate commerce. But because
> subsection (1)(a) does not specify any particular basis for
> jurisdiction, we are of the opinion that proof of any rational basis
> would be adequate. The essential element is that some basis for
> federal jurisdiction be established at trial.

(Internal citation omitted.)

In two cases involving criminal prosecutions, challenges to the constitutionality of section 2511(1)(a) were rejected. In each case, the court construed section 2511(1)(a) to require "some demonstrated federal nexus." <u>Burroughs</u>, 564 F.2d at 1115 (4th Cir. 1977). Specifically, in <u>Burroughs</u> the defendants (Burroughs and Guerry), private citizens and not law enforcement officers or other governmental officials, attached a listening device to a telephone so that they could intercept conversations occurring in a motel room. Importantly, however, "[t]he telephone was not rigged in such a way as to permit the interception of telephone conversations and could only be used to eavesdrop on the conversation between individuals in the . . . motel room." <u>Id</u>. at 1113 n. 2. The Fourth Circuit affirmed the rulings of the district court, stating:

> The interception of wire communications under § 2511(1)(a) and
> oral communications under § 2511(1)(b)(i)-(iv) specifically require
> a showing of an effect upon interstate commerce to establish a
> violation of the statute. However, the interception of oral
> communications under § 2511(1)(a) does not specify in statutory

> language any requirement of a federal nexus to establish a
> violation of the statute. Because of this absence of jurisdictional
> language in § 2511(1)(a) as it pertains to oral communications, the
> district court interpreted this portion of the statute as applying only
> to persons acting under color of state or federal law.

Id. at 1113-14. The court refused to invalidate section 2511(1)(a) on constitutional grounds, but it entered an order of acquittal because the government had failed to establish the required federal nexus of showing that Burroughs and Guerry were acting under color of state law. Id. at 1114. Accord Hubbard, 474 F. Supp. 64,73-74 (D. D.C. 1979)(adopting the reasoning in Burroughs and holding that section 2511(1)(a) "requires some federal nexus as an essential element thereof"). The record here contains no allegation or evidence of any federal nexus. In particular, the defendant was not acting under color of state law, and the recordings were not made through the facilities of a communication common carrier engaged in the transmission of interstate or foreign communications. In the absence of a federal nexus, 18 U.S.C. § 2511(1)(a) is unconstitutional as applied here. Because the statute is unconstitutional as applied, the plaintiff's claim for its violation must fail.

The plaintiff relies on United States v. Perkins, 383 F.Supp. 922 (N.D. Ohio 1974), for a contrary result. In Perkins, the defendants were charged with intercepting, via electronic listening devices, oral communications of people in the private office a radio station manager. The defendants were not state or federal officials. Nevertheless, the court relied on the right to privacy guaranteed by the Fourth and Fifth Amendments as the constitutional basis supporting enactment of section 2511(1)(a), stating:

> [T]here is a Constitutional basis for the action of Congress in
> enacting § 2511(1)(a). It is the basis which the Congress itself
> expressly recognized:

> "Virtually all concede that the use of wiretapping or electronic surveillance techniques by private unauthorized hands has little justification where communications are intercepted without the consent of one of the participants. No one quarrels with the proposition that the unauthorized use of these techniques by law enforcement agents should be prohibited. It is not enough, however, just to prohibit the unjustifiable interception, disclosure, or use of any wire or oral communications. An attack must also be made on the possession, distribution, manufacture, and advertising of intercepting devices. All too often the invasion of privacy itself will go unknown. Only by striking at all aspects of the problem can privacy be adequately protected." 1968 U.S. Code Cong. & Admin. News pp. 2112, 2156.
>
> There is a right of privacy guaranteed to the citizens of this nation. . . . Through the Fourth and Fifth Amendments, however, all the protection needed was given; express delineation of a right to privacy was not, and is not, necessary.
>
> Today we live in populous clusters. People exist stacked atop each other. With the uncontrolled development of technological means whereby anyone can invade the privacy of another under virtually any condition, the essential need for protection of this penumbral right becomes apparent. We must be cautious lest through the spread of these devices we plant the seeds of despotism at our own door. . . .
>
> The court concedes that Griswold [v. Connecticut, 381 U.S. 479 (1965)] and the more recent pronouncements of the Supreme Court on the right to privacy . . . deal with invasion of the right of privacy by the Government. But when a citizen discovers that his office has been "bugged", the fact that it was his employer rather than the sheriff, affords little comfort. The Fourth Amendment does not protect against unreasonable Governmental searches only but against all unreasonable searches.

Id. at 926-26.

I find the courts' reasoning in Burroughs and Hubbard more persuasive, and I adopt their requirement that a violation of 18 U.S.C. § 2511 (1)(a) requires proof of a federal nexus. In any event, the facts of this case differ materially from those presented in Perkins. There, the

13

listening devices were surreptitiously installed in a private office where the occupant may have a reasonable expectation of privacy. Here, by contrast, the recording device was placed by the owner of the property in a public break room that was used by employees, boarders, trainers, guests, and others. No similar right to privacy may be said to exist in such a public space, and installation of the recorder under these circumstances cannot fairly be characterized as an unreasonable private search.

## IV.  CONCLUSION

IT IS ORDERED:

(1)  Plaintiff's Motion for an Summary Judgment [Doc. #29] is DENIED; and

(2)  Judgment shall enter in favor of the defendant on all claims.

Dated October 3, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge